```
                    UNITED STATES DISTRICT COURT
                    EASTERN DISTRICT OF MISSOURI
                          EASTERN DIVISION


RONALD JONES,                      )
                                   )
            Plaintiff,             )
                                   )
       v.                          )    No. 4:06CV90(SNL)
                                   )
TWENTY-SECOND JUDICIAL CIRCUIT,    )
et al.,                            )
                                   )
            Defendants.            )
```

## ORDER AND MEMORANDUM

This matter is before the Court upon the applications of Ronald Jones for leave to commence this action without payment of the required filing fee [Docs. #1 and #5]. See 28 U.S.C. § 1915(a). Also before the Court is applicant's motions for appointment of counsel [Docs. #4 and #8] and motion to amend complaint [Doc. #7]. Upon consideration of the financial information provided with the applications, the Court finds that the applicant is financially unable to pay any portion of the filing fee. Therefore, plaintiff will be granted leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915(a).

### 28 U.S.C. § 1915(e)

Pursuant to 28 U.S.C. § 1915(e)(2)(B), the Court may dismiss a complaint filed in forma pauperis at any time if the action is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant

who is immune from such relief.  An action is frivolous if "it lacks an arguable basis either in law or in fact."  <u>Neitzke v. Williams</u>, 490 U.S. 319, 325 (1989).  An action fails to state a claim upon which relief may be granted if it appears beyond reasonable doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.  <u>Conley v. Gibson</u>, 355 U.S. 41, 45-46 (1957); <u>Jackson Sawmill Co. v. United States</u>, 580 F.2d 302, 306 (8th Cir. 1978), <u>cert.</u> <u>denied</u>, 439 U.S. 1070 (1979).

In reviewing a pro se complaint under § 1915(e)(2)(B), the Court must give the complaint the benefit of a liberal construction.  <u>Haines v. Kerner</u>, 404 U.S. 519, 520 (1972).  The Court must also weigh all factual allegations in favor of the plaintiff, unless the facts alleged are clearly baseless.  <u>Denton v. Hernandez</u>, 112 S. Ct. 1728, 1733 (1992); <u>Scheuer v. Rhodes</u>, 416 U.S. 232, 236 (1974).

### The complaint[1]

Plaintiff seeks review of a decision by the Twenty-Second Judicial Circuit Court denying him relief against Efthim Realty Co. (Efthim Realty) and denying him relief in a child support case. Plaintiff also seeks relief against Efthim Realty for money paid

---

[1] The Court will grant plaintiff's motion to amend his complaint.  <u>See</u> Fed. R. Civ. P. 15(a).  Therefore, for purposes of this review, the "complaint" consists of both the original complaint and the proposed amended complaint filed on March 28, 2006.  <u>See</u> Doc. #7.

2

"for uninhabitable residence [and] failure to correct problem."

## Discussion

Plaintiff's complaint should be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B). It is clear - both from the complaint and the attached exhibits - that plaintiff was the loser in a state court action which resulted in a judgment in Efthim Realty's favor. It is also clear that plaintiff was the loser in a state court action concerning child support payments. Plaintiff now invites this Court to review and reject the state court's judgments in those cases. Such a result is barred by the Rooker-Feldman doctrine. See Exxon Mobil Corp. v. Saudi Basic Indus., 125 S.Ct. 1517, 1521-22 (2005). Federal district courts are courts of original jurisdiction and, by statute, are precluded from serving as appellate courts to review state court judgments, as that appellate function is reserved to the Supreme Court. 28 U.S.C. § 1257. Therefore, plaintiff's complaint should be dismissed.

In accordance with the foregoing,

**IT IS HEREBY ORDERED** that plaintiff's motions to proceed in forma pauperis [Docs. #1 and #5] are **GRANTED**.

**IT IS FURTHER ORDERED** that the Clerk shall not issue process or cause process to issue upon the complaint because the complaint is legally frivolous or fails to state a claim upon which relief may be granted or both. See 28 U.S.C. § 1915(e)(2)(B).

**IT IS FURTHER ORDERED** that plaintiff's motions for appointment of counsel [Docs. #4 and #8] are **DENIED** as moot.

**IT IS HEREBY ORDERED** that plaintiff's motion to amend his complaint [Doc. #7] is **GRANTED**.

**IT IS FURTHER ORDERED** that the Clerk shall docket this case as follows: Ronald L. Jones v. Twenty-Second Judicial Circuit, Efthim Realty Co., and Missouri State Child Support Enforcement.

An appropriate order shall accompany this order and memorandum.

Dated this 6th day of April, 2006.

_____
**SENIOR UNITED STATES DISTRICT JUDGE**